[No. 2164, Aug. 10, 1918.]
## STATE v. BOYLES.

### SYLLABUS BY THE COURT.

1. The word "draw," as used in section 1703, Code 1915, which makes the drawing of a deadly weapon upon another a crime. except when done for certain purposes, means "intentionally point."                                        P. 466

2. "Flourish" defined.                                        P. 467

3. Where an indictment charges the accused with having drawn a deadly weapon upon another, an instruction is erroneous which charges that if the jury believes from the evidence beyond a reasonable doubt that the defendant "drew or flourished" a deadly weapon upon another, and that the "drawing and flourishing" was not done for stated purposes, they should convict the accused.          P. 466

Appeal from District Court, Grant County; Ryan, Judge.

State v. Boyles, 24 N. M. 464.

William N. Boyles was convicted of having drawn a deadly weapon upon the person of another, and he appeals. Reversed, with instructions to grant defendant a new trial.

TERRILL & DASHIELL, of Silver City, for appellant.

C. A. HATCH, Assistant Attorney General, for the State.

### OPINION OF THE COURT.

PARKER, J. The appellant, William N. Boyles, was convicted in the district court for Grant county upon an indictment charging him with having drawn a deadly weapon upon the person of one Frank Jones. From the sentence imposed by the court, he has perfected this appeal.

The evidence of the state tended to disclose that on a certain dark night the appellant was seen by Frank Jones upon a street in the town of Rodeo rapidly walking with a pistol carried in his hand; that Jones, being a deputy sheriff, asked the appellant where he was going, and appellant replied, ''You want some of this?'' and thereupon appellant stopped and ''sort of shoved the six-shooter at me like this, and I grabbed it,'' whereupon a scuffle ensued for the possession of the weapon; and that after some struggling the weapon was taken from the appellant by a third person. The first count of the indictment charges that appellant feloniously did draw a deadly weapon upon said Jones. The second count charged that appellant unlawfully and feloniously did handle a deadly weapon in a threatening manner at and towards said Jones. The jury found the defendant guilty upon the first count of the indictment.

The court instructed the jury, among other things, as follows:

''If you believe from the evidence, beyond a reasonable doubt, that * * * the defendant drew or flourished a pistol upon one Frank Jones, and that such drawing and

flourishing was not then and there done in the lawful defense of the defendant, then you should find the defendant guilty as charged in the first count of the indictment.''

The court was requested to strike out of said instruction the words ''flourished'' and ''flourishing,'' but refused to do so. In this we think the court was in error, for which the cause must be reversed. The statute under which the first count of the indictment was drawn (sec. 1703, Code 1915) provides as follows:

''Any person who shall draw a deadly weapon on another, or who shall handle a deadly weapon in a threatening manner, at or towards another, * * * except it be in lawful defense of himself, * * *'' etc.

[1] We have been unable to find a statute of any other state in terms identical with ours; but in Indiana the word ''draw'' has been judicially defined to mean the pointing of a deadly weapon at another, intentionally. In Siberry v. State, 149 Ind. 684, 698, 47 N. E. 458, 459, the court said:

''The language of the statute is, 'Whoever draws * * * any pistol, * * * upon any other person * * * shall be deemed guilty.' To draw a weapon upon another means, within the purview of that statute, to so draw it that it may be used to his injury, as to point the muzzle of a gun or revolver at another. * * * The only element of illegality necessary to constitute a violation of the statute * * * is that the defendant intentionally pointed the muzzle of the revolver at his wife. It was to prevent such foolhardy acts, thereby endangering human life and limb by making them crimes, * * * that the statute against drawing deadly weapons upon others was enacted.''

In many states statutes exist providing against pointing deadly weapons at or towards others. In others, the word ''present'' is used. We are of the opinion that the word ''draw,'' as used in our statute, means ''intentionally point.''

[2] ''Flourish'' has a meaning separate and distinct from the word ''draw.'' We have failed to find

any judicial definition of the term, but. it is commonly understood to mean: "The act of brandishing or waiving; a swinging or whirling movement, as flourish of a whip or sword;" to "fling or whirl about while holding in the hand, brandish, flaunt, as he flourished his whip." Funk & Wagnalls' New Stan. Dict. p. 946.

[3] The instruction of which complaint is made is confused and subject to grave misinterpretation. It advised the jury that if they believed from the evidence beyond a reasonable doubt that the defendant "drew or flourished" the said weapon, and that the "drawing and flourishing" was not within the exceptions made by the statute, they should convict. From such language, notwithstanding the use of the disjunctive "or" in the first instance and the conjunctive "and" in the second, the jury might reasonably have concluded that they were free to convict if they believed beyond a reasonable doubt from the evidence that the appellant "flourished" the deadly weapon.

For the reasons stated, the judgment of the trial court will be reversed; with instructions to grant appellant a new trial; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.